

**SIGNED this 4 day of February, 2021.**

_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **KENNETH E. BROWNLEE, and** | ) | **CHAPTER 7 BANKRUPTCY** |
| **JANICE J. BROWNLEE,** | ) | |
| | ) | **CASE NO. 17-70283-JTL** |
| Debtors. | ) | |
| | ) | |
| | ) | |
| **FIRST COMMUNITY BANK OF TIFTON,** | ) | |
| **A DIVISION OF SYNOVUS BANK** | ) | **CONTESTED MATTER** |
| v. | ) | |
| | ) | |
| **WALTER W KELLEY, Trustee of the** | ) | |
| bankruptcy estate of Kenneth E. Brownlee | ) | |
| and Janice J. Brownlee | ) | |
| | ) | |

**MEMORANDUM OPINION ON MOVANTS'
MOTION TO COMPROMISE CONTROVERSY**

The above styled contested matter came before the Court on Trustee's motion to compromise controversy. Mot. to Compromise Controversy, ECF No. 274. In this motion, Movant Walter W. Kelley, Chapter 7 Trustee for the Middle District of Georgia, submits his motion to approve settlement of an associated adversary proceeding, *Kelley v. Lee*, A.P. 18-07009. *Id.* Synovus objects to the Trustee's proposed settlement. Resp. with Opp'n., ECF No. 279.

For the reasons stated below, the Court concludes that the settlement is reasonable under the factors listed in *In re Justice Oats II, LTD.*, 898 F.2d 1544 (11th Cir. 1990). Accordingly, the Trustee's motion will be granted.

I. **PROCEDURAL POSTURE AND FACTS PLED**

This motion comes before the Court in a Chapter 7 bankruptcy case first filed in 2017. On March 21, 2017, Kenneth Brownlee and Janice Brownlee filed for Chapter 11 bankruptcy. Chapter 11 Voluntary Pet., ECF No. 1. On May 31, 2017, First Community Bank of Tifton, a division of Synovus Bank, "Synovus", filed a proof of claim for $11,765,604.18, all unsecured. Synovus Ex. 2. The debt includes a judicial lien from a judgement entered by the Tift County, Georgia Superior Court for which the debtors was found jointly and severally liable. Synovus filed a fi. fa. in Worth County for the amount of $11,379,007.39, levied against the Debtor's interest in 904 Flournoy Rd. Synovus Ex. 24. Synovus represents roughly eighty-four percent of the unsecured claims in the case. The case was converted to a Chapter 7 bankruptcy on March 7, 2018 and Walter Kelley was subsequently appointed as Trustee. Order Granting Mot. to Convert Case to Chapter 7, ECF No. 125.

On December 7, 2018, the Trustee filed an adversary proceeding, case number 18-7009, against the debtor's adult children who own a seventy-five percent interest in 904 Flournoy Rd,

Worth County, GA, 902 Flournoy Rd, Worth County, GA, a certain 1.44 acre tract ("1.44 Acre Tract"), and a certain 12.87 acre tract ("12.87 Acre Tract") in Tift County, GA. Kelley's Compl., *Kelley v. Lee*, A.P. 18-07009, ECF No. 1. The bankruptcy estate includes the remaining one fourth interest in those properties. In that adversary proceeding, the Trustee argues that the transfers of these interests to the debtor's family members constitute a fraudulent transfer under 11 U.S.C § 548. Counter-Def. Kelley's Br., *Kelley v. Lee*, A.P. 18-07009, ECF No. 28. The debtor's family members posit the transfers were pursuant to a trust which would defeat the Trustee's fraudulent transfer claim. Counter-Claimant's Lee's Br., *Kelley v. Lee*, A.P. 18-07009, ECF No. 34. Both parties have filed motions for summary judgement which the Court has not yet addressed. Counter-Defendant Kelley's Mot. for Summ. J., *Kelley v. Lee*, A.P. 18-07009, ECF No. 26; Counter-Claimant Lee's Mot. for Summ. J., *Kelley v. Lee*, A.P. 18-07009, ECF No. 33.

On May 8, 2020, the Trustee filed a motion to compromise controversy in this case. Mot. to Compromise Controversy, ECF No. 274. On May 29, 2020, Synovus objected to the trustee's motion and to the Trustee's settlement. Resp. with Opp'n., ECF No. 279. The Trustee restructured the settlement to attempt to partially avoid capital gains tax liabilities, and, on August 28, 2020, the Trustee filed a document titled "Amended Document for Purposes of Settling the Original Settlement with Amendments." ECF No. 301. In the Trustee's proposed settlement, the Trustee would transfer the estate's one fourth interest in the 1.44 Acre Tract and 904 Flournoy Rd and avoid the children's interests in 902 Flournoy. *Id.* The children would pay the trustee $142,182 in return for the Trustee's interest in 904 Flournoy Rd and transfer to him their interest in the 12.87 Acre Tract. *Id.* Synovus's lien on the properties was avoided in *Kelley v. Synovus Bank*, AP 18-07005, *aff'd*, 2020 WL 6276948, at *1 (M.D. Ga. Oct. 22, 2020). On September 17, 2020, Synovus objected to the Trustee's Amended Motion. Resp. with Opp'n.,

ECF No. 304. The Court heard the Trustee's motion and Synovus's objection on January 20, 2021.

## II.  DISCUSSION

When the Court evaluates a proposed settlement, it addresses the following four factors:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Justice Oats II, LTD.*, 898 F.2d at 1549 (quoting *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1381 (9th Cir.)). Generally favoring compromise over "litigation for its own sake," the Court is tasked to use those factors to determine whether the proposed settlement agreement is fair, reasonable, and adequate. *In re A & C Properties,* 784 at 1381. Neither party disputes collection would be relatively easy in this case, so the Court will address the other three factors. In doing so, the Court will only set aside the desires of the settling parties if the settlement, ''falls below the lowest point in the range of reasonableness.'' *In re Se. Banking Corp.*, 314 B.R. 250, 272 (Bankr. S.D. Fla. 2004) (quoting *In re Int'l Dist. Centers, Inc.*, 103 B.R. 420, 423 (S.D.N.Y.1989)).

### a.  The Probability of Success in Litigation

In addressing the probability of success in the litigation, the Court does not need to "decide the merits of those claims—only the probability of succeeding on those claims." *In re Justice Oaks II, Ltd.*, 898 F.2d at 1549. In this case, litigation is currently pending in an adversary proceeding regarding the ownership of the disputed properties.

Synovus argues that the Trustee's position, as outlined in his motion and brief in the adversary proceeding, would clearly void the children's interest. Synovus reiterates the Trustee's

claims in the adversary proceeding stating the debtors could not have created a trust under Georgia law because the debtors failed to fulfill the requirements to create an express, constructive, or implied trust. Therefore, Synovus believes the Trustee would handily succeed on his claims that the transfers from the debtors to their children would constitute fraudulent transfers under § 548 of the bankruptcy code.

While Synovus argued the Trustee's position admirably, however, the Trustee's claims in the associated adversary proceeding remain pending before this Court. It is not within the scope of this proceeding to weigh the merits of a pending motion in another adversary proceeding. To address this factor without determining the merits of the underlying case, the Court "gives weight to the competency and experience of both the trustee and the trustee's counsel in supporting the settlement." *In re Gaddy*, 622 B.R. 440, 452 (Bankr. S.D. Ala. 2020).

"[I]n a Chapter 7 case, the trustee is a fiduciary of the estate's creditors and it is his duty to maximize distribution to the creditors in an expeditious manner." *In re Morgan*, 600 B.R. 725, 733 (Bankr. N.D. Ga. 2019). Given the facts presented to him, the Trustee determined that a settlement would best close the case instead of waiting the litigation to conclude. The Court acknowledges his expertise in making this determination. The Trustee also testified he would estimate the probability of his success in the associated adversary proceeding to be "fifty to sixty percent." Other courts have approved settlements in which the Trustee felt similarly about the probability of success. See *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 472 (N.D. Ohio 1987) (approving a settlement where the Trustee estimated a fifty to seventy percent chance of success); *In re Stewart*, 603 B.R. 138, 152 (Bankr. W.D. Okla. 2019) (finding a fifty percent chase of success weighed in the favor of settlement). The Trustee's fiduciary judgement to settle the case in light of the pending litigation and his estimated

probability of success indicate he believes settlement best serves the parties involved. The Court finds that weighs in favor of approving settlement. However, even if the Trustee misjudged his probability success and position when settling, the other factors in this case still favor approving the settlement.

### b. The Complexity of the Litigation Involved, and the Expense, Inconvenience and Delay Necessarily Attending It

The Court favors an expeditious resolution to an otherwise complex issue within a web of associated issues and adversary proceedings. The Trustee filed his initial complaint in the underlying adversary pleading in this case in December 2018. Kelley's Compl., *Kelley v. Lee*, A.P. 18-07009, ECF No. 1. Shortly after, the debtor's children filed an answer with defenses and a counterclaim against the Trustee. Lee's Answer to Compl. and Countercl., *Kelley v. Lee*, A.P. 18-07009, ECF No. 7. After two years of discovery, both parties moved for summary judgement. Counter-Defendant Kelley's Mot. for Summ. J., *Kelley v. Lee*, A.P. 18-07009, ECF No. 26; Counter-Claimant Lee's Mot. for Summ. J., *Kelley v. Lee*, A.P. 18-07009, ECF No. 33. While the Trustee's complaint relies heavily on bankruptcy law, the debtor's children's complaint encompasses bankruptcy law, the intersection between Georgia law and Florida law, and trust and estates law. Counter-Def. Kelley's Br., *Kelley v. Lee*, A.P. 18-07009, ECF No. 28.; Counter-Claimant's Lee's Br., *Kelley v. Lee*, A.P. 18-07009, ECF No. 34. The unresolved remaining issues span many areas of law and demonstrate the complexity of the remaining litigation, favoring settlement.

Additionally, were the Court to deny the approval of the settlement, the expenses and the delay to continue to maintain the estate and to cover the Trustee's further expenses would continue to increase. The parties have moved for summary judgement, which the parties may

appeal to the district court or to the Eleventh Circuit Court of Appeals. The issue might be certified to the Georgia Supreme Court if a court deems that the Georgia law issues are not clearly settled by Georgia statutory or case law. Each appeal could take a matter of months or years, extending a case that has already left these interests in limbo for four years. Further, the Court notes that, in its "Analysis of Successful Litigation,", Synovus discounts the value received by the estate by $20,000 for the estimated litigation costs. Synovus Ex. 29. at 1. In its "Net Value of Property Interests Recovered by Successful Litigation", used as the basis of its grievances, Synovus does not discount the "Value if Successful" by that amount. *Id.* at 2. Given the case's estimated value if successful, $20,000 is nearly a tenth of the value of the estimated recovery and is roughly a third of the value of the estate's current position.

If the settlement were approved and the Trustee were to prevail on the pending motion of summary judgment, the Trustee would be the owner of an undivided interest in real estate. In order to sell the properties, there would have to be a partitioning or, if partitioning is not possible, the Trustee would have to bring a proceeding to sell all interests in the properties including that of the debtors. Such action would cause additional expense to the estate and delay concluding the bankruptcy case. Further, there is no certainty that the trustee could recover a net amount in excess of that to be brought into the estate by the settlement.

Finally, the Trustee testified that resolving these interests is one of the final issues preventing the conclusion of this Chapter 7 case. Were the case to continue, the estate would continue to pay its share of taxes and maintenance on the property, taking that money from the estate's eventual total recovery. Furthermore, the case's continuation poses a risk of depreciation of the assets that would inhibit the Trustee's recovery; the properties could be damaged by natural causes including floods or fires as well as the risk of vandalism and burglary to vacant

structures. In approving this settlement, the Court allows the Trustee to liquidate these assets in their current condition and begin to distribute funds to long-awaiting creditors without the financial consequences and risks of delay. Considering the complex litigation in the associated adversary proceeding and the potential costs of delay, the Court finds in favor settlement.

### c. The Paramount Interest of the Creditors and a Proper Deference to Their Reasonable Views in the Premises

The Court finally addresses the Synovus's concerns that the settlement is not in its interest. Synovus argues the Trustee's calculations of the settlement did not accurately depict the harm to Synovus's potential future recovery.

Synovus first claims the Trustee miscalculated the difference between the Trustee's potential success litigation outcome and the current settlement value to the detriment of Synovus. The Trustee values the interest he currently has at $60, 650.63. Trustee Ex. 1. If the Trustee is successful in the associated adversary proceeding, the Trustee estimates the value of his interest would grow to $242,602.50. *Id.* The Trustee calculated, after the settlement, the Trustee's interest would be worth $168,461.09. *Id.* The difference between the current value of the property and the value if the Trustee is successful is $181,951.88. *Id.* Synovus disagrees with the Trustee's use of the liquidation value in estimating the difference between the settlement value and the successful litigation value. The Trustee estimates the settlement would result in $107,810.46 for the estate, 40.75% less than that the Trustee could win through successful litigation. *Id.* Synovus estimates the settlement would actually result in $87,552.21, 51.82% less than that the Trustee could win through successful litigation. Synovus Ex. 30.

The Court is sympathetic to Synovus's position. The debtors owe Synovus over $11 million, all of which is an unsecured claim in this case. Recouping as much of that sum as

possible should be its priority. This settlement, however, still represents Synovus's interests. The estate risks a smaller payout if Trustee is unsuccessful; whether the litigation is successful or unsuccessful, Synovus estimates the litigation costs at $20,000. If the Trustee loses, the litigation costs would be such that Synovus would likely receive less than it currently would if the Trustee chose not to continue prosecuting its position. While the settlement will not make Synovus whole, Synovus, and all of the creditors, are likely to receive a faster payout than they would if forced to wait until after the close of the litigation. Therefore, settling, while perhaps not Synovus's ideal solution, still accounts for Synovus's interests.

The Court is not tasked to find whether a better solution is possible for the parties, but whether the settlement as proposed ''falls below the lowest point in the range of reasonableness.'' *In re Se. Banking Corp.*, 314 B.R. at 272. The Trustee, as a fiduciary, determined that it was in the best interest of the estate that he settle the adversary proceeding. While Synovus presented arguments to demonstrate that Synovus could receive a better payment in certain circumstances, Synovus failed to show that the settlement fell below the lowest point of reasonableness.

### III.   CONCLUSION

The Trustee has carried his burden as to all four elements of the *Justice Oaks* test. The Trustee's proposed settlement is within the range of reasonableness. An order will be entered approving the settlement.